UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 3:12-CR-128(7) RM |
| | ) | |
| RICKEY HEMPHILL | ) | |

OPINION and ORDER

Rickey Hemphill, one of seven defendants in this case, is charged with racketeering, in violation of 18 U.S.C. § 1962(c) (Count 1), conspiracy to violate § 1962(c) (Count 2), and engaging in a violent crime in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(3) (Count 9). The government's motion to strike Mr. Hemphill's notice of alibi pends. For the following reasons, the court GRANTS the motion as to paragraphs 1 and 2 of the amended notice of alibi, and DENIES the motion as to paragraph 3.

On February 8, 2013, Mr. Hemphill's attorney filed a notice of alibi stating that "during the time of the alleged offenses [Mr. Hemphill] was: (1) [o]n home detention through St. Joseph Community Corrections, or (2) [r]esiding in Illinois with his mother Nikia Powell, 13831 South Michigan, Riverdale, Illinois." [DN 71]. The government moved to strike, contending that the notice was vague, ambiguous, and lacked the specificity required under FED. R. CRIM. P. 12.1(a)(2).

Mr. Hemphill subsequently retained new counsel, and filed an amended notice of alibi asserting that:

1. On May 22, 2010, the Defendant was in Chicago, Illinois. Timothy Whitfield, address and telephone unknown, Mrs. Whitfield (mother of Timothy Whitfield), address unknown, Michael Powell, 13831 South Michigan, Riverdale, Illinois, Telephone 773-575-5181.

2. On January 7, 2010, the Defendant was on home detention (electronic monitoring) through the Juvenile Probation Department: St. Joseph County Community Corrections. Elizabeth McGrath, deputy prosecutor, Telephone number 574-235-5349.

3. In or around October 2011, the Defendant resided with his mother, N'Keya Powell, and stepfather, Michael Powell, at 13831 S. Michigan Avenue, Riverdale, Illinois, Telephone 773-575-5181.

At the hearing on March 1, the government acknowledged that paragraph 3 appeared to be sufficient as amended, but renewed its motion to strike paragraphs 1 and 2 of the amended notice of alibi, contending that they still lacked the specificity required under FED. R. CRIM. P. 12.1(a). The court agrees.

FED. R. CRIM. P. 12.1 provides in relevant part:

> **(a) Government's Request for Notice and Defendant's Response.**
> **(1) Government's Request.** An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense.
> **(2) Defendant's Response.** Within 14 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense. The defendant's notice must state:
> > (A) each specific place where the defendant claims to have been at the time of the alleged offense; and
> > (B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.
>
> **(b) Disclosing Government Witnesses.**
> **(1) Disclosure.**
> > **(A) In General.** If the defendant serves a Rule 12.1(a)(2) notice, an attorney for the government must disclose in writing to the defendant or the defendant's attorney:

> (i) the name of each witness– and the address and telephone number of each witness other than a victim– that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense; and
>
> (ii) each government rebuttal witness to the defendant's alibi defense.

Paragraphs 1 and 2 of the defendant's amended notice of alibi don't identify each specific place where Mr. Hemphill claims to have been at the time of the alleged offense, or the name, address, and telephone number of each alibi witness on whom the defendant intends to rely. The assertions in paragraph 1 that he was "in Chicago," but doesn't know the addresses and telephone numbers for two of the three alibi witnesses named (or partially named) are vague and insufficient. So too, the assertions in paragraph 2 and at the hearing that Mr. Hemphill was "on home detention (electronic monitoring)" and was either at home, at school, or doing community service on January 7, 2010, lack the detail required by Rule 12.1(a)(2).

"Discovery under Rule 12.1 was designed to be a prosecution-triggered device for the primary benefit of the government," and requires a defendant to file a notice of alibi only "upon receipt of a written government request." United States v. Bouye, 688 F.2d 471, 474-75 (7th Cir. 1982). Without such a request, a defendant's "gratuitous and unsolicited disclosure of alibi witnesses" doesn't trigger "the government's reciprocal obligation under Rule 12.1(b) to furnish the names of witnesses linking the defendant to the scene of the crime." Id. at 475.

3

*See also* United States v. Benton, 637 F.2d 1052, 1059 (5th Cir. 1981); United States v. Savage, 430 F.Supp. 1024, 1036 (M.D. Pa.), aff'd mem., 566 F.2d 1170 (3rd Cir. 1977). The record doesn't disclose a request from the government, so while the alibi notice would be sufficient with respect to paragraph 3 to require further disclosure by the government, the court doesn't order such disclosure.

Accordingly, the government's motion to strike [Doc. No. 73] is GRANTED as to paragraphs 1 and 2 of the defendant's amended notice of alibi, and DENIED as to paragraph 3, subject to the limitations noted above.

SO ORDERED.

ENTERED:   March 5, 2013


	/s/ Robert L. Miller, Jr.
Judge
United States District Court